IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE DUDLEY, PARENT AND | : | CIVIL ACTION |
| EDUCATIONAL DECISION MAKER FOR | : | |
| W.J.W., et al. | : | |
| | : | |
| v. | : | |
| | : | |
| LOWER MERION SCHOOL | : | |
| DISTRICT | : | NO. 10-2749 |

MEMORANDUM

Bartle, C.J.                                      February 2, 2011

          Plaintiff Christine Dudley and her son W.J.W. bring

this action against the Lower Merion School District ("School

District") for violations of the Individuals with Disabilities

Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*  Before the

court is the motion of the School District to dismiss the

complaint in part for lack of subject matter jurisdiction under

Rule 12(b)(1) of the Federal Rules of Civil Procedure and for

failure to state a claim under Rule 12(b)(6).

I.

          When reviewing a facial challenge to subject matter

jurisdiction under Rule 12(b)(1), the court accepts the

plaintiff's allegations as correct and draws inferences in the

plaintiff's favor.  Turicentro, S.A. v. Am. Airlines, Inc., 303

F.3d 293, 300 & n.4 (3d Cir. 2002); Mortensen v. First Fed. Sav.

& Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  A facial

challenge to subject matter jurisdiction is one in which a

defendant argues that "the allegations on the face of the complaint, taken as true," are insufficient to invoke the court's jurisdiction.  <u>Turicentro</u>, 303 F.3d at 300.

Similarly, when deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff.  <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008); <u>Umland v. Planco Fin. Servs., Inc.</u>, 542 F.3d 59, 64 (3d Cir. 2008).  We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  A claim must do more than raise a "'mere possibility of misconduct.'"  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (quoting <u>Iqbal</u>, 129 S. Ct. at 1950).  Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 129 S. Ct. at 1949.  On a motion to dismiss, a court may consider "allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed. 1990)).

II.

The following facts are undisputed or taken in the
light most favorable to the plaintiff.  W.J.W. is an eighteen
year old African American student who, as of the time of the
complaint, attended Lower Merion High School.  While in first
grade, W.J.W. was identified as a student with a specific
learning disability who required special education and emotional
support services.

On July 1, 2009, W.J.W. and his parent filed a due
process complaint against the School District alleging violations
of the IDEA.  In the complaint, W.J.W. maintained that the School
District failed to provide W.J.W. with a free appropriate public
education ("FAPE") from 2007-2010 and an independent educational
evaluation ("IEE").  In addition, the plaintiffs alleged that
W.J.W. was entitled to compensatory education, intensive reading
and math instruction for the remainder of the 2009-2010 school
year, and an additional year of secondary education through a
private placement.

After ten days of testimony, a hearing officer entered
an order which granted in part and denied in part the relief that
W.J.W. sought.  Specifically, the hearing officer found that the
School District provided W.J.W. with a FAPE in most respects and
that the School District was not required to pay for an IEE.
However, the hearing officer also determined that W.J.W. was
entitled to some compensatory education.  Consequently, she
ordered the School District to provide W.J.W. with daily

-3-

intensive math and reading instruction and emotional support
services.  Finally, the hearing officer found that W.J.W. lacked
sufficient credits to graduate and directed that the School
District provide him with an additional year of educational
services.  These services are to include a transition plan and
placement in a public high school, tutoring program, or a private
school.

        According to the plaintiffs, the School District has
failed to comply with aspects of the hearing officer's order in
their favor.  As of the date of the complaint, the School
District allegedly had not proposed a placement for W.J.W. for
the 2010-2011 school year.  Although the School District has
provided additional math and reading instruction, it purportedly
has allowed W.J.W. to refuse emotional support services.

        In Count I of the complaint, plaintiffs challenge the
hearing officer's decision which denied a portion of their
requested relief.  Plaintiffs seek in Count II reasonable
attorneys' fees, while Count III asks the court under the IDEA
and 42 U.S.C. § 1983 to enforce favorable aspects of the hearing
officer's decision.  The School District now moves to dismiss
Counts II and III of the complaint.

                                III.

        We begin with the question of whether plaintiffs have
stated a viable claim for attorneys' fees in Count II of the
complaint under Rule 12(b)(6).  Under the IDEA, a court may
"award reasonable attorneys' fees as part of the costs to a

                                -4-

prevailing party who is the parent of a child with a disability."
20 U.S.C. § 1415(i)(3)(B)(i).  Parties who prevail at the
administrative level may be entitled to attorneys' fees.  See
J.O. v. Orange Twp. Bd. of Educ., 287 F.3d 267, 273 (3d Cir.
2002); Arons v. N.J. Bd. of Educ., 842 F.2d 58, 61-62 (3d Cir.
1988); Field v. Haddonfield Bd. of Educ., 769 F. Supp. 1313,
1319-20 (D.N.J. 1991).

        A party prevails when "actual relief on the merits of
his claim materially alters the legal relationship between the
parties by modifying the defendant's behavior in a way that
directly benefits the plaintiff."  Farrar v. Hobby, 506 U.S. 103,
111-12 (1992).  The relief achieved must be on a "significant
issue."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The
Supreme Court has taken a "generous view" of prevailing party
status.  Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,
489 U.S. 782, 792 (1989).  "[T]he degree of the plaintiff's
overall success goes to the reasonableness of the award under
Hensley, not to the availability of a fee award vel non."
Truesdell v. Phila. Housing Auth., 290 F.3d 159, 166 (3d Cir.
2002) (quoting Texas State Teachers Ass'n, 489 U.S. at 793).

        We reject the School District's argument that
plaintiffs did not prevail on any significant issue in their due
process complaint.  The hearing officer awarded W.J.W.
compensatory education in the form of emotional support services
and additional math and reading instruction.  Although the School
District alleges that it had provided similar services in the

-5-

past, in this instance the School District was ordered to "assure that W.J.W. arrives at the location where each designated period ... [is] to be delivered and remains in the room for the entire period, escorting him to the room as necessary."  By ordering the School District to take steps to ensure that W.J.W. did not reject services as in the past, the hearing officer "alter[ed] the legal relationship between the parties" and "benefit[ted] the plaintiff."  Farrar, 506 U.S. at 111-12.  The hearing officer also directed the School District to provide W.J.W. with educational services for an additional year, as requested by the plaintiffs.  In light of these orders, the plaintiffs have prevailed on a significant issue at the due process hearing.  The fact that the plaintiffs did not prevail on other issues goes to the amount of the award, not the "availability ... vel non." Texas State Teachers Ass'n, 489 U.S. at 793.

Next, the School District argues that the claim of plaintiffs for attorneys' fees must be dismissed because information regarding the skills, experience, time, and expenditures of their attorneys and comparable market rates have not been pleaded.  This argument is without merit.  The School District cites no authority supporting the proposition that this level of detail is required in order to survive a motion to dismiss.  Instead, this information is usually addressed through affidavits submitted by the attorneys accompanying a separate fee petition.  See, e.g., Rode v. Dellarciprete, 892 F.2d 1177, 1181 (3d Cir. 1990); Becker v. ARCO Chem. Co., 15 F. Supp. 2d 621,

626-29 (E.D. Pa. 1998).  The School District may dispute the reasonableness of the attorneys' fees requested at that time.

The School District also maintains that plaintiffs are not entitled to an award of attorneys' fees for the work of Julia Schofield, because Ms. Schofield worked on a voluntary basis. This argument is contrary to Supreme Court precedent, which holds that an attorney's agreement to work on a pro bono basis does not "preclude the award of a reasonable fee to a prevailing party." Blanchard v. Bergeron, 489 U.S. 87, 95 (1989); see also Maldonado v. Houstoun, 256 F.3d 181, 188 (3d Cir. 2001).[1]

We decline to dismiss Count II the complaint.

IV.

In Count III, the plaintiffs seek an order compelling the School District to implement those aspects of the hearing officer's order which are favorable to them.  The School District maintains that this court lacks subject matter jurisdiction over Count III under either the IDEA or § 1983.  See D.S. v. Bayonne Bd. of Educ., 602 F.3d 553, 564 (3d Cir. 2010); Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 778 (3d Cir. 1994).

Under the IDEA, "any party aggrieved by the findings and decision made [at the due process hearing] ... shall have the right to bring a civil action ... in any State court of competent

---

1. However, to the extent that the plaintiffs seek an award for the fees of a parent advocate, it is barred.  See AW v. East Orange Bd. of Educ., 248 Fed. App'x 363, 365 (2007) (citing Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 300-03 (2006)).

jurisdiction or in a district court of the United States."  20
U.S.C. § 1415(i)(2)(A).  The School District argues that
plaintiffs are not aggrieved since they prevailed at the
administrative level.

In Jeremy H. v. Mount Lebanon School District, our
Court of Appeals left open the question whether a party is
"aggrieved" where a school district fails to implement the relief
ordered by a hearing officer.  95 F.3d 272, 278 (3d Cir. 1996).
The court stated:

> the argument against the applicability of
> [that section] would be that the Hunters, in
> seeking judicial assistance to enforce
> portions of the IDEA administrative decision,
> were not persons "aggrieved by the findings
> and decision" ... but rather persons
> aggrieved by the failure of the local school
> officials to implement the decision.  The
> counter-argument would be that the Hunters
> were "aggrieved" by the fact that the
> administrative orders favorable to the
> Hunters contained no enforcement mechanisms.

Jeremy H., 95 F.3d at 278 n.10.  In light of Jeremy H., several
district courts in this circuit have declined to reach the issue
whether a party who seeks enforcement of a hearing officer's
decision is aggrieved under the IDEA.  See, e.g., James S. v.
Sch. Dist. of Phila., 559 F. Supp. 2d 600, 614 (E.D. Pa. 2008);
L.J. v. Audubon Bd. of Educ., No. 06-5350, 2006 U.S. Dist. LEXIS
96510, at *6 (D.N.J. Dec. 22, 2006).

The IDEA is a "comprehensive remedial scheme" which is
intended to "provide a judicial remedy for violations of any
right 'relating to the identification, evaluation, or educational

-8-

placement of [a] child, or the provision of a free appropriate public education to such child.'" A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 802 (3d Cir. 2007) (en banc) (quoting 20 U.S.C. § 1415(b)(6)); see also Fitzgerald v. Barnstable Sch. Comm., 129 S. Ct. 788, 794 (2009) (citing Smith v. Robinson, 468 U.S. 992, 1011 (1984), superseded by statute, Handicapped Children's Protection Act of 1986, Pub. L. No. 99-372, 100 Stat. 796, as recognized in Bd. of Educ. of E. Windsor Reg'l Sch. Dist. v. Diamond, 808 F.2d 987, 993-94 (3d Cir. 1986)).

Courts should interpret statutes not in isolation, but "in light of the context of the statutory scheme." First Merch. Acceptance Corp. v. J.C. Bradford & Co., 198 F.3d 394, 402 (3d Cir. 1999) (citing Richards v. United States, 369 U.S. 1, 10 (1962)). Moreover, "[s]tatutory interpretations 'which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available.'" Id. at 403 (quoting Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 575 (1982)).

It would be anomalous indeed to read the IDEA as omitting a judicial remedy where a party is successful before a hearing officer but the School District refuses to carry out the decision. That party is as much aggrieved as in the circumstances where the administrative ruling is adverse. In both cases, the relief sought has not been realized. Adopting the School District's position would result in the existence of a giant loophole in the IDEA. Such a loophole would allow

-9-

unfortunate delays in the resolution of important and immediate issues concerning a child's remedial education and generally open the door to significant mischief by a School District, neither of which, in our view, Congress intended.

The Court of Appeals for the First Circuit has reached a similar conclusion. In Nieves-Marquez v. Puerto Rico, a student and his parents filed a complaint asking the district court to compel school officials to provide a sign language interpreter, as previously ordered by a hearing officer. 353 F.3d 108, 112-13 (1st Cir. 2003). The district court found that the plaintiffs were not "parties aggrieved" under the IDEA and dismissed the claim. Id. at 115.

The Court of Appeals reversed. It reasoned that "it cannot be that a court is powerless under IDEA to issue injunctive relief when the school system neither appeals from nor complies with a valid administrative order and its continuing obligations." Id. at 116. The court found that such a result would "render virtually meaningless" many statutory policies under the IDEA and undermine Congressional intent. Id. It would also "undercut the integrity of the administrative process," and "produce long delays, contrary to IDEA's policies favoring prompt resolution of disputes in order to expedite the provision of FAPE to children who may be at a formative stage of their intellectual development." Id. (citing Amann v. Town of Stow, 991 F.2d 929, 932 (1st Cir. 1993)). Contra Robinson v. Pinderhughes, 810 F.2d 1270, 1275 (4th Cir. 1987).

-10-

Here, W.J.W. is an eighteen year old student who allegedly possesses academic skills that remain at an elementary school level.  The hearing officer issued her decision nearly a year ago, on March 11, 2010.  Although the hearing officer concluded that W.J.W. lacked sufficient credits to graduate and was entitled to an additional year of educational services, it is unclear what, if any, educational placement W.J.W. is receiving for the 2010-2011 school year.  The school year in dispute is now more than half way over.  Dismissing Count III would result in considerable delay, contrary to the letter and spirit of the IDEA.

Because we find that plaintiffs may seek enforcement of the hearing officer's decision under the IDEA itself, we need not reach the issue of whether this court may issue injunctive relief under § 1983 to remedy violations of the IDEA.  We note that our Court of Appeals previously approved of the use of § 1983 to enforce decisions of hearing officers favorable to plaintiffs in actions under the IDEA.  Jeremy H., 95 F.3d at 279-80 & n.13.  However, in A.W., the Court of Appeals later held that "Congress did not intend § 1983 to be available to remedy violations of the IDEA such as those alleged by A.W."  A.W., 486 F.3d at 803.  At least one judge of this court has concluded that A.W. bars a § 1983 action only where money damages are sought and that Jeremy H. is still viable where injunctive relief is requested.  See C.K. v. Tredyffrin/Easttown Sch. Dist., No. 08-2571, slip op. at 4 (E.D. Pa. Mar. 20, 2010).  The A.W. opinion did not mention

Jeremy H., and thus it is unclear whether Jeremy H. remains good law.  See United States v. Extreme Assocs., Inc., 431 F.3d 150, 155-56 (3d Cir. 2005).

Accordingly, we will deny the motion of the School District to dismiss Count III of the complaint.