```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTINE DUDLEY, PARENT AND    :    CIVIL ACTION
EDUCATIONAL DECISION MAKER FOR  :
W.J.W., et al.                  :
                                :
          v.                    :
                                :
LOWER MERION SCHOOL             :
DISTRICT                        :    NO. 10-2749
```

MEMORANDUM

Bartle, J.                                        November 3, 2011

      Plaintiff Christine Dudley and her son W.J.W. bring this action against the Lower Merion School District ("School District") for violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.  Before the court is the motion of plaintiffs for leave to amend the complaint under Rule 15 of the Federal Rules of Civil Procedure.

I.

      W.J.W. is a twenty year-old former student who brought a due process complaint under the IDEA against the School District.  The due process hearing officer granted in part and denied in part the relief that W.J.W. sought.  She concluded that the School District had generally met its requirements under the IDEA, but that W.J.W. was entitled to some compensatory education in the form of math and reading instruction, emotional support counseling, and an additional year of educational services.

In their complaint, W.J.W. and his mother sought review of aspects of the hearing officer's decision in favor of the School District. They asserted that W.J.W. was not educated in the least restrictive environment and that some of his other rights under the IDEA were violated. They also sought to enforce favorable aspects of the hearing officer's decision, namely the award of compensatory education and the additional year of schooling.

Plaintiffs now seek to amend the complaint. W.J.W. was a plaintiff in a related action, <u>Blunt et al. v. Lower Merion School District</u>. No. 07-3100 (E.D. Pa. 2007). In that action, expert Tawanna J. Jones, Ed.S. produced a report suggesting that W.J.W. may have been misidentified as disabled. Plaintiffs want to add claims that W.J.W. was wrongfully identified as disabled and therefore subject to discrimination based on his perceived disability in violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794 and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Plaintiffs maintain that they could not have brought these claims in the initial complaint because there was no reason to suspect that W.J.W. had been misidentified until August 22, 2011, when they received the Jones expert report in <u>Blunt</u>.

After an answer has been filed, a plaintiff may only amend a complaint with leave of court or the consent of the opposing party. Fed. R. Civ. P. 15(a). This court must "freely give leave when justice so requires." <u>Id.</u> at 15(a)(2). We may

deny the motion to amend only based on (1) undue delay; (2) bad faith; or (3) prejudice to the opposing party. Cureton v. Nat'l Coll. Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Undue prejudice occurs where amendment "would result in additional discovery, cost, and preparation to defend against new facts or new theories." Id.

As required under the IDEA, plaintiffs first filed an administrative due process complaint, in which they asserted that W.J.W. was a student with a disability who was entitled to services under the IDEA. They accepted an award of compensatory education from the administrative hearing officer and then filed an action in this court seeking further relief under that statute. Plaintiffs never challenged in their complaint the finding of the hearing officer that W.J.W. was a student with a disability.

Plaintiffs filed their complaint in this court on June 8, 2010. In accordance with this court's Second Scheduling Order, discovery closed on June 30, 2011. Plaintiffs' expert reports were also due on that date. The School District filed a motion for summary judgment on August 1, 2011, again pursuant to a deadline set forth in the Second Scheduling Order. Plaintiffs submitted their opposing brief on September 19, 2011 after applying for and being granted two extensions of time to do so. It was not until September 16, 2011 that they filed their motion to amend.

If plaintiffs are permitted to amend their complaint, discovery, in fairness to the School District, would have to be reopened. The School District would undoubtedly need to retain an expert witness to opine on the previously uncontested issue of whether W.J.W. was correctly identified as disabled. This would result in extended delay and significant expense to the School District. "A party is not entitled to wait until the discovery cutoff date has passed and a motion for summary judgment has been filed on the basis of claims asserted in the original complaint before introducing entirely different legal theories in an amended complaint." Priddy v. Edelman, 883 F.2d 438, 446 (6th Cir. 1989).

Plaintiffs contend that there has been no undue delay because they had no reason to believe that W.J.W. may have been misidentified as disabled until August 22, 2011, when they received in the Blunt action the expert report of Tawanna Jones of his alleged misidentification. This position is unavailing. Before the close of discovery in this action, plaintiffs retained two experts who both concluded that W.J.W. is disabled. One expert relied on the same information provided to the expert in Blunt. The other expert had all relevant documents with the exception of W.J.W.'s initial evaluation.[1]  The motion to amend

---

1. Plaintiffs assert that the initial evaluation was "obviously not available" at the time of the due process hearing on August 26, 2009. The School District, on the other hand, contends that the evaluation was made available to plaintiffs along with the rest of W.J.W.'s educational records in July 2009.
(continued...)

is not based on "new" information which could not have been discovered earlier.  Plaintiffs may not circumvent expert discovery deadlines by seeking to contradict their own timely identified expert witnesses.

Accordingly, the motion of plaintiffs for leave to amend the complaint will be denied based on plaintiffs' undue delay and prejudice to the School District.

---

(...continued)
From what we can gather, counsel for plaintiff relied on other staff and interns from her office to select and copy relevant documents from those records.  Plaintiffs do not specifically challenge the School District's statement that the initial evaluation was among the other records available for copying in July 2009.  Thus, we do not give credence to their position that the School District deliberately withheld the evaluation.  We note that neither side has come forward with affidavits on this subject.