```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTINE DUDLEY, PARENT AND    :    CIVIL ACTION
EDUCATIONAL DECISION MAKER FOR  :
W.J.W., et al.                  :
                                :
           v.                   :
                                :
LOWER MERION SCHOOL             :
DISTRICT                        :    NO. 10-2749
```

MEMORANDUM

Bartle, J.                                           November 14, 2011

Plaintiff Christine Dudley and her son W.J.W. bring this action against the Lower Merion School District ("School District") for violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.  Before the court is the motion of plaintiffs to supplement the administrative record.

I.

Plaintiffs filed an administrative due process complaint on July 1, 2009 alleging that W.J.W. was denied a free appropriate public education ("FAPE") under the IDEA from 2007-2009 and that he was entitled to an independent educational evaluation ("IEE").  Plaintiffs sought compensatory education for W.J.W.'s lack of educational progress and adequate transition services and a private school placement for the 2009-2010 and 2010-2011 school years.

An administrative hearing, which began on August 26, 2009, took place over ten different sessions and concluded in January, 2010.  The hearing officer granted in part and denied in part the relief plaintiffs sought.  Specifically, she found that the School District provided W.J.W. with a FAPE in most respects during the academic years 2007-2008, 2008-2009, and 2009-2010 and that the School District was not required to pay for an IEE.  However, the hearing officer also determined that W.J.W. was entitled to some compensatory education in the form of daily math and reading instruction, emotional support services, and an additional year of educational services.

On June 8, 2010, plaintiffs filed their complaint in this court.  Plaintiffs allege that the School District has failed to comply with aspects of the hearing officer's decision, namely that the School District failed to provide an appropriate educational placement for the 2010-2011 school year and that the School District allowed W.J.W. to refuse emotional support services.  Plaintiffs also appeal the hearing officer's finding that W.J.W. is not entitled to an IEE and that he received a FAPE.  Finally, plaintiffs seek reasonable attorneys' fees.

On August 1, 2011, the School District moved for summary judgment.  Plaintiffs previously submitted the administrative record for review.  They now seek to supplement that record with various documents which they have attached to their response in opposition to the motion of the School District for summary judgment.

II.

When considering an appeal of a hearing officer's decision under the IDEA, a district court must consider the administrative record.  20 U.S.C. § 1415(i)(2)(C)(i).  The court, however, "shall hear additional evidence at the request of a party."  Id. at § 1415(i)(2)(C)(ii).  This additional evidence includes anything that is "relevant, non-cumulative and useful in determining whether Congress' goal [of providing disabled children with appropriate educational opportunities] has been reached for the child involved."  Susan N. v. Wilson Sch. Dist., 70 F.3d 751, 760 (3d Cir. 1995).

The decision to admit additional evidence in an action under the IDEA is a matter of the district court's "particularized discretion."  Id. at 760.  A court may elect to supplement the record based on a variety of circumstances, including "'gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing.'"  Id. at 756 (quoting Town of Burlington v. Dep't of Educ., 736 F.2d 773, 790 (1st Cir. 1984)).  Our Court of Appeals has cautioned that under the IDEA "after-acquired evidence, such as information received through the experience of an alternative placement, should be used by courts only in assessing the reasonableness of the district's initial decisions.... '[n]either the statute nor reason countenance

-3-

Monday Morning Quarterbacking in evaluating the appropriateness of a child's placement.'"  Id. at 762 (quoting Fuhrmann v. E. Hanover Bd. of Educ., 993 F.2d 1031, 1040 (3d Cir. 1993)) (internal quotation marks omitted).

Several documents which plaintiffs seek to add to the record relate to plaintiffs' claims for enforcement of the hearing officer's decision and for attorneys' fees.  These include:  (1) a declaration written by Sonja Kerr, Esquire, dated September 19, 2011 and certain correspondence between counsel regarding settlement negotiations; and (2) the declaration of Rebecca Devine, an educational advocate who has worked with W.J.W.  To the extent that these documents offer information about events that arose subsequent to the hearing officer's decision and relate to the issues of enforcement of that decision and attorneys' fees, they are "relevant, non-cumulative and useful."  See Susan N., 70 F.3d at 760.  The School District does not object to the admission of this evidence to support the enforcement and attorneys' fees claims.  Thus, we will grant in this regard the motion of plaintiffs to supplement the administrative record.

The expert report of Jerome Smith, M.Ed., Ed.S. which plaintiffs also request to supplement the record deals with not only enforcement of the hearing officer's decision but also challenges the hearing officer's decision and opines on the effect of W.J.W.'s home environment on his education.  We have some doubts that Smith's opinions regarding the effect of

W.J.W.'s home environment on his early education and his lack of formal education prior to kindergarten carry much weight in this action, which deals with W.J.W.'s education from 2007 to 2010. Nonetheless, we find that Smith's report is relevant and useful regarding the appeal of the hearing officer's decision and the issue of enforcement.  We will therefore grant the motion to supplement as to Smith's report.

Plaintiffs also seek leave of court to submit an individualized education plan ("IEP") written for W.J.W. by Methacton School District on June 1, 2011.  W.J.W. is currently incarcerated at a correctional facility located within that District.  Under Pennsylvania law, Methacton School District is responsible for W.J.W.'s education while he is incarcerated.  See 24 Pa. Cons. Stat. Ann. § 13-1306(a).

Plaintiffs maintain that this document is relevant to show W.J.W.'s "current needs, cooperative attitude and whether or not he appears to have an emotional disorder."  As discussed above, Lower Merion School District did not create the Methacton IEP and is not responsible for its contents.  See 24 Pa. Cons. Stat. Ann. § 13-1306(a).  We find this IEP is not relevant and useful in deciding the issues before this court.

The use of the Methacton IEP to show W.J.W.'s "cooperative attitude" would be the epitome of "'Monday Morning Quarterbacking'" with after-acquired evidence.  Susan N., 70 F.3d at 762 (quoting Fuhrmann, 993 F.2d at 1040).  It is not surprising that W.J.W. may be cooperative now while incarcerated,

but it says little if anything about his attitude previously. The IEP has no probative value in determining W.J.W.'s attitude in 2007-2010. Furthermore, plaintiffs were denied leave to amend the complaint to add a claim that W.J.W. was misidentified as having an emotional disturbance. The use of the IEP to show "whether or not [W.J.W.] appears to have an emotional disorder" is thus completely irrelevant to this action. Accordingly, the motion to supplement the record will be denied as to this document.

Finally, plaintiffs further seek to add to the record: (1) the initial evaluation report of W.J.W. from May, 1991; (2) a letter from Lower Merion School District Superintendent Michael Kelly to the Pennsylvania Department of Education regarding the disproportionate representation of African American students in special education; (3) the School District's policy regarding the destruction of records; (4) the expert report of Tawanna J. Jones, Ed.S. from the <u>Blunt</u> action; and (5) deposition testimony of W.J.W.'s mother stating that she wished to have W.J.W. removed from special education.

This information largely relates to plaintiffs' claim that W.J.W. was misidentified as disabled and wrongfully placed in special education. Because we have denied the motion of plaintiffs to amend the complaint to add the misidentification claim, this information is not relevant. To the extent that these documents relate to W.J.W.'s other claims, they are cumulative and not helpful to the resolution of this action.

Accordingly, the motion of plaintiffs to supplement the record will be denied as to these documents.[1]

---

[1] Plaintiffs assert that the School District has offered eleven supplemental documents in support of its motion for summary judgment without seeking leave of court.  However, these documents largely concern the plaintiffs' claims for enforcement and for attorneys' fees.  We will consider them for those purposes only.